# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PETER JOSHUA MYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1042 CDP |
| | ) | |
| ST. LOUIS CITY JUSTICE CENTER | ) | |
| and UKNKOWN IMMANUEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 11576), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.73. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.67, and an average monthly balance of $2.20. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.73, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights. Named as defendants are the St. Louis City Justice Center and Unknown Immanuel (correctional officer).

Plaintiff claims that he was attacked by two other inmates in June of 2008 while serving time as a pretrial detainee at the St. Louis City Justice Center. Plaintiff asserts that before the attack, defendant Immanuel "witnessed a verbal altercation" between plaintiff and one of the inmate attackers. Plaintiff alleges that despite witnessing the verbal altercation between he and one of his attackers, defendant Immanuel allowed both he and his attackers, as well as two other inmates, to stay in from recreation

together. Plaintiff asserts that as he was trying to clean his cell, the two inmates stepped near him. According to plaintiff, defendant Immanuel told the attackers to step back, but they disregarded her directive and ran into plaintiff's cell and attacked him. Plaintiff seeks monetary damages as a result of defendant Immanuel's "negligence."

**Discussion**

Plaintiff's claim against the St. Louis City Justice Center is legally frivolous because the Justice Center is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). Accordingly, plaintiff's claim against the St. Louis City Justice Center is subject to dismissal. Plaintiff's claim against defendant Immanuel is also subject to dismissal.

The complaint is silent as to whether defendant Immanuel is being sued in her official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or

a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against defendant Immanuel.

Moreover, even if plaintiff had brought his claims against defendant Immanuel in her individual capacity, his claims would still be subject to dismissal. To succeed on an Eighth Amendment claim of failure to protect a prisoner from attack by a fellow inmate, a plaintiff must have alleged two elements. First, a plaintiff must allege "that the alleged constitutional deprivation was objectively, sufficiently serious," which requires a showing that the official's failure to protect "resulted in the inmate being incarcerated under conditions posing a substantial risk of serious harm." Young v. Selk, 508 F.3d 868, 872 (8th Cir.2007). Second, a plaintiff must have alleged that the official "exhibited a sufficiently culpable state of mind, that is, [the official] must have been deliberately indifferent to a substantial risk of serious harm to [plaintiff]." Id. at 873. The Eighth Circuit has clearly held that such a claim requires an allegation of more than mere inadvertence or negligence and that liability on such a claim under § 1983 does not attach unless prison officials "actually intended to deprive [plaintiff] of

some right, or ... acted with reckless disregard of his right to be free from violent attacks by fellow inmates." Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir.1991) quoting Miller v. Solem, 728 F.2d 1020, 1024 (8th Cir.1984). Furthermore, "[t]o establish 'reckless disregard' by prison officials, an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." Id. citing Bailey v. Wood, 909 F.2d 1197, 199 (8th Cir.1990).

> [A] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution.... It is enough that violence and sexual assaults occur ... with sufficient frequency that prisoners ... are put in reasonable fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures....

Id. quoting Martin v. White, 742 F.2d 469, 474 (8th Cir.1984). The Eighth Circuit applies these same standards to the claims of pretrial detainees such as plaintiff, which are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. See, e.g., Wilkins v. Davis, 963 F.2d 377 (8th Cir.1992) citing Anderson v. Gutschenritter, 836 F.2d 346, 349 (7th Cir.1988); Thomas v. Booker, 784 F.2d 299, 303 (8th Cir.1986).

Plaintiff states in his complaint that "the claim that I'm stating is negligence on COI Immanuel and the St. Louis City Justice Center." Thus, he has failed to allege that defendant Immanuel exhibited a "sufficiently culpable state of mind," or that she was

deliberately indifferent to a substantial risk of serious harm to plaintiff. Plaintiff's allegations of mere negligence on the part of defendant Immanuel fail to state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.73 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of August, 2008.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE